MARY MINES, Admx., Appellee, *vs.* MAUDE PHEE *et al.*—
(MARY MINES, Appellant.)

*Opinion filed April 18, 1912.*

1. ANTE-NUPTIAL CONTRACTS—*what is necessary to make ante-nuptial contract binding.* An ante-nuptial contract by which no provision is made for the intended wife and the only effect of which is to give to each party the control of his or her own property and to release all dower rights in the other's property is binding upon the wife only where it appears that at the time she executed the contract she had, or was chargeable in law with, full knowledge of the nature, character and value of the husband's property, and the burden of showing that fact is upon those seeking to enforce the contract against her.

2. SAME—*when intended wife is not chargeable with knowledge of the amount of intended husband's property.* Parties to an ante-nuptial contract occupy a confidential relation towards each other, which requires a full disclosure of the nature, character and amount of their property, and the mere facts that the parties are neighbors and that the man is generally reputed to be wealthy are not sufficient to charge the woman with such full knowledge of the kind and amount of his property as is required in order to make the contract binding upon her.

APPEAL from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

DUNNE, McKEEVER & DUNNE, for appellant.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon application by the administratrix of the estate of Hugh L. Mines for authority to sell a part of his real estate for the payment of debts, his widow, Mary Mines, claimed dower. The probate court of Cook county made a decree of sale denying the widow's right. The only question upon this appeal is the sufficiency of an alleged ante-nuptial contract to bar the widow's dower.

The decedent and the appellant were married on October 26, 1898, and two days before that event they signed

and acknowledged, in duplicate, a written agreement, by the terms of which they mutually released all dower rights, each in the property of the other. The appellant insists that the agreement does not bar her dower because, she says, the evidence does not show a delivery, and because the evidence does not show that the agreement was fairly entered into with knowledge on her part of its provisions and of the character and extent of her intended husband's property. It will only be necessary to consider the latter reason.

A witness testified that Mrs. Mines' property was worth about $6000, and it was stipulated that her husband's property was worth at least four times as much as hers at the time the agreement was made. No provision was made for her in the agreement, its only effect being to give to each party the control of his or her own property free from any interest of the other. It was binding upon the wife only if it appeared that at the time she executed it she had full knowledge of the nature, character and value of her intended husband's property or the circumstances were such that she ought to have had such knowledge, and the burden of showing such knowledge or circumstances was upon the parties claiming under the instrument. (*Warner* v. *Warner,* 235 Ill. 448; *Colbert* v. *Rings,* 231 id. 404; *Murdock* v. *Murdock,* 219 id. 123.) Mr. Mines was a widower and Mrs. Mines a widow, named Mary McGrath prior to their marriage. They were neighbors for many years. Their families were on friendly terms and often visited back and forth. He was generally known to be well to do. The papers were prepared at the direction of Mr. Mines by his attorney, who had never seen Mrs. McGrath until she came into his office after the papers had been prepared, ready for signing. She had not been consulted about the preparation of them, and when Mr. Mines said to her, "I want you to sign those papers," she said, "What is this for, Hugh?" No explanation appears to have been made

to her but the papers were signed. The evidence falls far short of showing that the appellant had knowledge of the nature, amount or value of her intended husband's property. Parties to an ante-nuptial contract occupy a confidential relation towards each other, which requires a full disclosure of the nature, character and amount of their property. Reputation of wealth is too indefinite to charge a woman dealing with a man reputed wealthy, with knowledge of the kind and amount of his property. *Hessick v. Hessick,* 169 Ill. 486.

The court erred in decreeing that the appellant was not entitled to dower. The decree will be reversed and the cause remanded, with directions to enter a decree of sale subject to the appellant's right of dower.

*Reversed and remanded, with directions.*